THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MORRIS RUBIN, PLAINTIFF IN ERROR.

Submitted January 28, 1927—Decided May 13, 1927.

**Crimes—Larceny—Picking Pockets—No Error Found in Refusal to Direct Verdict—All Other Objections to the Charge of the Court Found to be Without Merit.**

On writ of error to the Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Mr. Justice TRENCHARD.

For the plaintiff in error, *John J. Carlin* (*George E. Cutley,* of counsel).

For the defendant in error, *John Milton,* prosecutor of the pleas.

PER CURIAM.

Rubin was convicted in the Hudson County Quarter Sessions upon an indictment charging him with larceny from the person in that he stole $65 from one Charles R. Sparrow.

The testimony tended to show that Sparrow was on the Hudson tube train in the midst of a crowd and found himself jostled by two men; that one of them was Rubin, who hit him on the left trousers pocket as Sparrow was leaving the train, and took $65 from his pocket. Upon Rubin's arrest later Sparrow identified him as the man who jostled him and who picked his pocket.

The defendant complains that the judge erred in refusing to direct a verdict of not guilty at the close of the testimony. That complaint is manifestly without merit. Indeed, no reason for such action was suggested.

It is next said that by the charge of the court the jury "were led to believe that their function was not to acquit the defendant if the evidence satisfied them beyond a reasonable doubt, but were justified in finding the defendant guilty according to a criterion which has no basis in the criminal law." Whatever that may mean, our examination of the whole charge satisfies us that there is no merit in the apparent contention. The jury was told distinctly and without qualifications that it was their duty to acquit unless defendant's guilt was established to the satisfaction of the jury beyond a reasonable doubt.

The defendant contends that there was error in the comment of the judge upon the failure of the defendant to testify. We think that the comment was justified by the rule in *State* v. *Kisik,* 99 *N. J. L.* 385.

Other objections to the charge are without merit, the matters objected to being legitimate comment.

The judgment will be affirmed.